2021 IL App (2d) 190251-U
No. 2-19-0251
Order filed July 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-188 |
| DARWIN RICHARDSON, | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   When defendant gave the police consent to search his apartment to check whether a woman reportedly involved with him in a domestic incident was present and safe, the consent reasonably extended to a second entry into the apartment to fulfill that objective.  Thus, trial counsel and posttrial counsel were not ineffective for failing to argue that defendant did not consent to the second entry into the apartment.

¶ 2   Following a bench trial in the circuit court of Stephenson County, defendant, Darwin Richardson, was convicted of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)) and unlawful possession of ammunition by a felon (*id.*).  The court sentenced him to concurrent six-year prison terms.  Defendant argues on appeal that he received ineffective

assistance of counsel because his trial attorney mishandled a motion to suppress evidence. Defendant further contends that the attorney who represented him on his posttrial motion rendered ineffective assistance because he failed to argue that trial counsel was ineffective. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       Defendant was represented initially by a public defender, who filed a motion to suppress a weapon and ammunition seized from defendant's apartment. At the hearing on the motion, Corporal Benjamin Johnson of the Freeport Police Department testified that, on the evening of July 27, 2016, he and Officer Tyler Earnest traveled to defendant's apartment in response to a report of a disturbance between "Darin" and "Asia." Johnson was aware of prior incidents at defendant's apartment involving defendant and Asia Morgan. Johnson knocked on the door to the apartment and announced that he was a police officer. After about 45 seconds, defendant came to the door and stepped outside. Johnson asked defendant whether he had been in an altercation with Morgan, which defendant denied and indicated that Morgan was not there. Defendant also stated that he needed to drop off some clothes for his child down the street. Johnson walked with defendant and continued to ask him questions. When they returned to the entrance of the apartment, Johnson asked to check the apartment. He explained that a check was important to ensure that anyone in the apartment was safe. Defendant was reluctant, but he agreed to allow Johnson to "check the residence to see if [Morgan] was inside." Johnson did not threaten defendant or make any promises to secure his consent to search the apartment. Johnson entered the apartment while defendant remained outside with Earnest. Johnson found Morgan inside the apartment. Johnson later obtained a search warrant for the apartment. During the search of the apartment, police found a handgun and ammunition. Defendant testified that he did not give Johnson permission to search the apartment.

¶ 5    Earnest testified that he walked behind defendant and Johnson when defendant was delivering clothing down the street. While walking, Earnest observed a group of people and asked them whether "they saw or heard anything going on in the area." They said that they had not. Defendant told Earnest that he gave Johnson permission to check the apartment. Earnest's body camera recorded the statement and the recording was played during the hearing. The trial court denied defendant's motion to suppress, concluding that defendant had consented to the search.

¶ 6    At defendant's bench trial, Johnson testified that, when he first entered the apartment with defendant's consent, he found Morgan hiding in a bed in the back bedroom. After speaking with Morgan about why she was hiding, Johnson stepped out of the apartment to talk with defendant. Johnson asked why defendant had lied about Morgan not being present. Defendant explained that he was not supposed to have contact with Morgan. Johnson then reentered the apartment. Once inside, he observed Morgan holding a plastic bag that contained 13 rounds of ammunition. Johnson subsequently obtained a warrant to search the apartment. During the search, a handgun and ammunition were found in the bedroom closet. While being questioned by police, defendant initially denied knowledge of the gun and ammunition found in his apartment. However, he later indicated that Morgan, who worked as an escort, had obtained the weapon for protection.

¶ 7    A certified copy of defendant's armed robbery conviction from 2008 was admitted into evidence. The trial court found defendant guilty of unlawful possession of a weapon by a felon and unlawful possession of ammunition by a felon. Defendant's attorney filed a posttrial motion arguing, among other things, that the trial court erred by denying the motion to suppress. Before the motion hearing, defendant retained private counsel to represent him in connection with the motion and sentencing. The trial court denied the posttrial motion and imposed sentence on the convictions. This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9     Defendant argues that trial counsel was ineffective because he failed to argue that Johnson conducted an illegal search when he reentered defendant's apartment. According to defendant, because the police used evidence from the allegedly unlawful search to secure a warrant, the warrant was invalid. Thus, evidence recovered during the search was subject to suppression. Defendant further contends that posttrial counsel was ineffective because he failed to argue that trial counsel rendered ineffective assistance. To establish ineffective assistance of counsel, a criminal defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

¶ 10    The claims of ineffective assistance of counsel pertain to the motion to suppress evidence discovered during the apartment search. The fourth amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. "The chief evil against which the fourth amendment to the United States Constitution is directed is the physical entry of the home." *People v. Davis*, 398 Ill. App. 3d 940, 948 (2010). Accordingly, warrantless searches of the home are presumptively unreasonable. *Id.* An exception exists for searches based on voluntary consent. *People v. Buschauer*, 2016 IL App (1st) 142766, ¶ 38. "Consent is not voluntary when it results from coercion, intimidation, or deception [citation] or if obtained as a result of acquiescence or submission to the assertion of lawful police authority [citation]." *Id.*

¶ 11    Defendant does not dispute the trial court's finding that he consented to Johnson's initial entry into the apartment to determine whether Morgan was present and safe. Defendant argues,

however, that Johnson had no consent to *reenter* the apartment after he located Morgan and stepped outside to speak to defendant. Defendant maintains that the limited purpose of the search was to *find* Morgan and there was no further authority to return to the apartment after Johnson located her. According to defendant, trial counsel was ineffective because he failed to challenge the second entry into the apartment. Defendant argues that, had trial counsel done so, there is a reasonable probability that the court would have suppressed the evidence. Defendant also argues that posttrial counsel provided ineffective assistance because he failed to argue that trial counsel was ineffective.

¶ 12    Defendant's argument hinges on whether Johnson acted within the scope of defendant's consent when he reentered the apartment. The following principles guide our inquiry into the scope of consent:

> "When the police rely upon consent as the basis for a warrantless search, they have no more authority than they have apparently been given by the voluntary consent of the defendant. [Citation.] The scope of their authority is not determined based on the subjective intentions of the consenting party nor the subjective interpretation of the searching officer. [Citation.] Rather, the standard for measuring the scope of a suspect's consent is that of 'objective reasonableness,' which requires consideration of what a 'typical reasonable person [would] have understood by the exchange between the officer and the suspect.' [Citation.]" *People v. Baltazar*, 295 Ill. App. 3d 146, 149-50 (1998).

¶ 13    When Johnson asked for consent to enter the apartment, he remarked that he needed to ensure that anyone inside the apartment was safe. Therefore, defendant's consent for Johnson to enter the apartment to check if Morgan was present could reasonably be taken as consent to enter the apartment and check if Morgan was present *and* safe. Johnson could not have determined that

Morgan was safe the instant that he laid eyes on her. More importantly, we see no reason to hold that defendant's consent was limited to a single entry into the apartment. When Johnson found Morgan in the apartment, it was entirely reasonable for him to step back outside to speak with defendant momentarily to determine why defendant falsely stated that Morgan was not present. His decision to do so does not imply that he was satisfied that Morgan was safe and needed no assistance. Johnson testified that, upon his initial entry, he spoke to Morgan about why she was hiding. He did not testify to any further discussion or inquiry. The consent to search did not lapse upon that initial encounter with Morgan. Rather, the consent given by defendant encompassed a reasonable opportunity to speak with Morgan to ensure that she was safe and did not need assistance. Defendant notes that, before the search, bystanders in the area had already denied being aware of any disturbance. Nevertheless, it was entirely reasonable for Johnson to seek further assurance that no one was in a position of danger. The search of the apartment, including Johnson's reentry, was within the scope of defendant's consent to a search to assure that Morgan was safe.

¶ 14    Because there is no merit to the argument that Johnson's reentry into defendant's apartment was unlawful, trial counsel did not render ineffective assistance of counsel by failing to make that argument. Likewise, posttrial counsel was not ineffective for failing to argue trial counsel's ineffectiveness.

¶ 15                                    III. CONCLUSION

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court of Stephenson County.

¶ 17    Affirmed.